IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Ohio and Vicinity Regional           :
Council of Carpenters,
                                     :
          Plaintiff,
                                     :    Case No. 2:06-cv-0604
     v.
                                     :    MAGISTRATE JUDGE KEMP
Higgins Contracting, LLC,
                                     :
          Defendant.


OPINION AND ORDER

     This matter is before the Court on a motion for summary
judgment filed by plaintiff, Ohio and Vicinity Regional Council of
Carpenters ("Council").    The case has been referred to the
Magistrate Judge for full disposition under 28 U.S.C. § 636(c).
For the following reasons, the Council's motion for summary
judgment will be granted.

I.

     Council and the defendant, Higgins Contracting, LLC, entered
into an Acceptance of Agreements that bound Higgins Contracting to
the terms of four area-wide collective bargaining agreements
("CBA").    The CBA contained a grievance and arbitration procedure.

     Pursuant to the terms of the CBA, the Council filed a
grievance against Higgins Contracting that resulted in an
arbitration award in favor of the Council on April 11, 2006.    The
arbitration award ordered Higgins Contracting to cooperate in an
audit to calculate the damages arising from Higgins Contracting's
violations of the CBA.    The award also held Higgins Contracting
liable to the Council for all calculated damages, including any
costs and fees associated with enforcing the award.

     On May 9, 2006, the Council sent a letter via certified mail

to Higgins Contracting notifying it of the arbitration award.  A
copy of the award was attached to the letter.  Matt Higgins signed
for the letter on May 19, 2006.

Higgins Contracting took no action to comply with the
arbitration award.  The Council initiated this lawsuit on July 18,
2006 to enforce the award.  Subsequently, Higgins Contracting
agreed to the audit.  Pursuant to the audit, the Council calculated
its damages, based on the wage and fringe benefit rates under the
CBA and the provisions governing liquidated damages, to be
$236,995.51.  The Council now seeks a judgment for the full amount
calculated under the audit, as well as pre-judgment interest,
costs, and attorney's fees.  Its summary judgment is fully briefed
and ripe for adjudication.

## II.

Fed. R. Civ. P. 56(c) provides:

> The judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if  any,
> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged
factual dispute between the parties will not defeat an otherwise
properly supported motion for summary judgment; the requirement is
that there be no genuine issue of material fact."  Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in
original); Kendall v. The Hoover Co., 751 F.2d 171, 174 (6th
Cir.1984).

Summary judgment will not lie if the dispute about a material
fact is genuine; "that is, if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party,"
Anderson, 477 U.S. at 248.  The purpose of the procedure is not to
resolve factual issues, but to determine if there are genuine

2

issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is,...[and where] no genuine issue remains for trial,...[for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 467 (1962); accord, County of Oakland v. City of Berkley, 742 F.2d 289, 297 (6th Cir.1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson, 477 U.S. at 250.

> The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 745, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970) (footnote omitted); accord, Adams v. Union Carbide Corp., 737 F.2d 1453,

1455-56 (6th Cir.1984), cert. denied, 469 U.S. 1062 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Watkins v. Northwestern Ohio Tractor Pullers Association, Inc., 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes, 398 U.S. at 157-60; Smith v. Hudson, 600 F.2d 60, 65 (6th Cir.1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 251. As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 259 (1968)(footnote omitted).

4

III.

The Council claims that under federal law, this Court must enforce the arbitration award. Moreover, the Council argues that summary judgment is appropriate because Higgins Contracting cannot successfully raise any defenses to this action because it failed to raise the defenses in a timely manner. Additionally, the Council notes that no genuine issues of material fact surrounding the arbitration and audit process are in dispute. The Council supported its motion with appropriate affidavits and the results of the audit of Higgins Contracting's records.

In response, Higgins Contracting contends that it received no notice of the arbitration. Additionally, it argues that "[e]ven if this Court accepted the Union's misconstrued argument that it is automatically entitled to enforcement of the Arbitration Decision, justice would dictate that Higgins be given ample opportunity in discovery to determine and question the Union's auditor about how he performed the audit." (Mem. in Opp. to Plaint. Mot. for Summ. Judg. at p. 1). Finally, Higgins Contracting argues that it is "an absolute miscarriage of justice" to force it to pay fees and costs to enforce the arbitration award because, according to Higgins Contracting, it never received notice of the arbitration. In sum, Higgins Contracting argues that summary judgment should be denied because (1) it failed to receive notice of the arbitration and (2) it did not have an opportunity to conduct discovery about the accuracy of the audit report. Higgins Contracting did not support its opposition with any evidentiary materials, however, and it has not moved for a stay or postponement of the summary judgment proceeding under Fed.R.Civ.P. 56(f).

The Labor Management Relations Act ("LMRA") allows a labor organization to sue an employer in federal court for a violation of a collective bargaining agreement. 29 U.S.C. § 185(a). A labor union may bring suit to enforce an arbitration award against an

5

employer. See, e.g., Occidental Chemical Corp. v. Int'l Chemical Workers Union, 853 F.2d 1310 (6th Cir.1988)(employer filed action to vacate arbitration award); IBEW Local No. 573 v. Steen Electric Inc., 232 F.Supp.2d 797 (N.D. Ohio 2002)(same).

Federal courts may conduct a very limited review of an arbitrator's award. See, e.g., United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)("An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute"); United Steelworkers v. American Manufacturing, 363 U.S. 564 (1960)("The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator"); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960) ("Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement"). When reviewing an arbitrator's award, courts are not authorized to reconsider the merits of the award "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. at 38. When "an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly factfinding' does not provide a basis for a reviewing court to refuse to enforce

the award." Major League Baseball Players Ass'n v. Garvey, 532
U.S. 504, 509 (2001)(citing Misco, 484 U.S. at 39).  Thus, to
determine whether the arbitrator's judgments and conclusions will
stand, a court must ask:

> Did the arbitrator act "outside his authority"
> by resolving a dispute not committed to
> arbitration? Did the arbitrator commit fraud,
> have a conflict of interest or otherwise act
> dishonestly in issuing the award?  And in
> resolving any legal or factual disputes in the
> case, was the arbitrator "arguably construing
> or applying the contract"?  So long as the
> arbitrator does not offend any of these
> requirements, the request for judicial
> intervention should be resisted even though
> the arbitrator made "serious," improvident" or
> "silly" errors in resolving the merits of the
> dispute.

Michigan Family Resources, Inc. v. Service Employees Int'l Union
Local 517M, 475 F.3d 746, 753 (6th Cir.2007).

Before examining whether the arbitrator acted within his
authority by concluding that Higgins Contracting violated the CBA
and ordering it to participate in an audit to calculate damages,
the Court will examine whether Higgins Contracting's claim of lack
of adequate notice is timely.  For the following reasons, the Court
concludes that Higgins Contracting's request to vacate the
arbitration award is barred by the applicable statute of
limitations.

When a federal statue such as the LMRA fails to specify a
limitations period for filing an action to vacate an arbitration
award, the Court is required to select and apply the most analogous
state limitations period.  Champion Int'l Corp. v. United
Paperworkers Int'l Union, 779 F.2d 328, 332 (6th Cir.1985).  In
Ohio, requests to vacate, correct or modify an arbitrator's award
are subjected to a three-month statute of limitations period.  Ohio
Rev. Code § 2711.13.  This has been deemed to be the most analagous

7

statute in a case involving a labor arbitration. United Steelworkers of America. Local 4839 v. New Idea Farm Equipment Corp., 917 F.2d 964, 967 (6th Cir.1990); Steen Electric, 232 F.Supp.2d at 804. This three-month window is necessary because "[a]rbitration is meant to be a quick and final resolution by which parties are bound. Moreover, an action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief." Occidental Chem. Corp., 853 F.2d at 1315-16 (citing Professional Administrators, Ltd. v. Kopper-Glo Fuel, Inc., 819 F.2d 639, 642 (6th Cir.1987)). Courts have consistently rejected attempts to vacate an arbitration award that is outside the statute of limitations window. See, e.g., Occidental Chem. Corp., 853 F.2d 1310 (employer barred from vacating arbitration award by three-month statute of limitations); Steen Electric, 232 F.Supp.2d at 804-05; Ohio and Vicinity Regional Council of Carpenters v. Complete General Construction Co., No. 3:04CV7234, 2005 WL 1123622 (N.D. Ohio Apr. 21, 2005)(same).

The instant case is similar to the facts in Steen Electric. In that case, a labor union received an arbitration award against an employer, and the employer refused to pay the amount owed. Accordingly, the labor union brought suit in federal court to enforce the award. The case proceeded to summary judgment and the employer, for the first time, raised procedural defects, such as lack of adequate notice and an opportunity to be heard. The court granted summary judgment in favor of the labor union concluding that the employer's procedural defects were untimely:

> In its filings in the instant case, Defendant does not argue that the Labor-Management Committee ruling violated any tenets of public policy or failed to "draw its essence" from the collective bargaining agreement. Instead, Defendant requests this Court to deny enforcement of the Labor-Management Committee ruling based upon various procedural defects, including inter alia, lack of adequate notice

8

and opportunity to be heard, and bias within the Labor-Management Committee itself. The Court notes that Defendant could have raised these procedural defenses in a motion to vacate. Thus, the Court finds that Defendant's request to deny enforcement of the Labor-Management Committee ruling is the equivalent of a motion to vacate an arbitration award.

***

In the case sub judice, the Labor-Management Committee rendered its decision on November 8, 2001, and Defendant received notification by letter dated November 9, 2001. Thus, Defendant had until February 9, 2002 to file an action in this Court to vacate the Labor-Management Committee ruling. Defendant did not file an action in this Court to vacate the Labor-Management Committee ruling, but rather only filed an answer in the instant case on March 11, 2002, and a memorandum in opposition to Plaintiff's motion for summary judgment on September 18, 2002, which contain the aforementioned procedural defects.

The Court finds that Defendant is precluded by applicable statute of limitations from moving to vacate, correct, or modify the Labor-Management Committee ruling in the case at bar. *** [B]ased upon the Defendant's utter failure to file a motion to vacate or set aside the Labor-Management Committee ruling, Defendant is precluded from raising the procedural defenses in the instant action that it might have raised in a motion to vacate.

Steen Electric, 232 F.Supp.2d at 804-05 (internal citations, quotations and footnotes omitted).

Like the defendant in Steen Electric, Higgins Contracting failed to file a timely motion to vacate, correct or modify the arbitrator's award. Additionally, it was not until Higgins Contracting's memorandum in opposition to the Council's motion for summary judgment, or at a minimum, in Higgins Contracting's Answer,

that it first raised the possibility of procedural defects in the arbitration award. The record is uncontradicted that the arbitration award was issued on April 11, 2006, and Mr. Higgins signed for it, via certified mail, on May 19, 2006. As noted, the earliest date on which Higgins Contracting raised the possibility of procedural defenses was on September 11, 2006 when it filed its answer. Procedurally, raising the issue in an answer is unlikely to be deemed the equivalent of moving to vacate the award. That is of no consequence here, however, because the statute of limitations had run by the time the answer was filed.

Assuming, *arguendo*, that Higgins Contracting's claim of procedural defects is not time barred, the Court notes that Higgins Contracting has submitted no evidence suggesting that the arbitrator acted "outside his authority," "committed fraud," or that he was not "arguably construing or applying the contract." Absent evidence of some wrongdoing on the part of the arbitrator, the Court cannot conclude that the arbitrator dishonestly or fraudulently prevented Higgins Contracting from receiving adequate notice of the arbitration. In fact, Higgins Contracting has not even filed an affidavit stating that it did not receive such notice.

The essence of the arbitrator's award is a declaration that Higgins Contracting is liable to the Council "for all damages arising from its violation of the Agreement." This portion of the award is a declaration of contractual responsibility, but it was not a mandate to pay a sum certain. Rather, the award ordered Higgins Contracting to pay damages in accordance with the results of an audit. The Council was also awarded costs and attorneys' fees in connection with the arbitration proceeding.

Conceivably, the parties could have returned to arbitration once the audit was completed so that the arbitrator could have awarded the damages. Neither party has requested such relief,

10

however, and the Court has jurisdiction to enter judgment in this type of case. See 29 U.S.C. § 1132(g). Thus, the Court concludes that the parties wish to have the issue of damages determined by the Court. The complaint specifically requests such relief. (See complaint, ¶B (asking the Court to "enter judgment in favor of [the Council] ... for the full amount of calculated damages ...")).

On that issue, the Council submitted the results of the audit together with appropriate supporting affidavits showing that the figures for hours worked by laborers covered by the CBA were taken from Higgins Contracting's own records. Higgins Contracting complains that it has had no opportunity to contest the auditor's findings. However, the only documents needed to perform the calculation of amounts owed are the payroll records themselves and the applicable provisions of the CBA or the trust agreement. Higgins Contracting has free access to these documents and could have submitted a competing report if it believed that the auditor's findings were in error. Further, it could have presented affidavits from its own witnesses if it contested the covered status of any of the employees who were identified in the audit report. Although it is unclear what discovery might have benefitted Higgins Contracting in opposing the motion, it was free to conduct discovery once the Rule 26(f) planning meeting was held on November 7, 2006. See Fed.R.Civ.P. 26(d). Finally, once the motion was filed, if discovery were needed in order to allow it fairly to respond, Higgins Contracting could have filed a motion under Fed.R.Civ.P. 56(f) asking for more time. Having done none of these things, it cannot legitimately claim that it is premature for the Court to consider entering judgment in accordance with the audit's findings given those findings are uncontested in the record.

The Court will now examine whether awarding the Council attorneys' fees and pre-judgment interest is appropriate. The

11

Court concludes that it is.  The arbitrator awarded the Council "any costs and fees including attorneys' fees that might be incurred in enforcing this final and binding decision."  The Court has previously concluded that the award is enforceable as entered and that by failing to file a timely motion to vacate, Higgins Contracting has waived any objection to the award.

IV.

For the foregoing reasons, the Council's motion for summary judgment (doc. #19) is granted.  The Court holds that the arbitrator's award of April 11, 2006, is enforceable as written. Because the audit ordered by the award has now occurred, the Court enforces only those portions of the award which declare that Higgins Contracting is responsible for the damages caused by the violation of the CBA and for costs and attorneys' fees incurred by the Council in the arbitration proceeding.  Based upon the uncontested audit findings, the Court also finds that the Council is owed the sum of $236,995.51 in unpaid fringe benefits and liquidated damages through April 2006.

The Court notes that the Council has requested prejudgment interest from the date of the arbitrator's award.  Because the award did not specify a sum certain, it is unclear how such interest could be calculated.  The Court assumes that the audit report includes interest on unpaid contributions at the contract rate, but that is not clear.  Additionally, no calculation of costs and attorneys' fees has been presented.  If the Council desires these amounts, it shall submit a supplemental affidavit within fifteen days.  Higgins Contracting may respond within fifteen days thereafter.


/s/ Terence P. Kemp
United States Magistrate Judge